■ JEFFREY LEIDERMAN, Respondent, v STANLEY GILBERT, Appellant.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered December 6, 1990, which, to the extent appealed from, denied defendant's motion to dismiss the first cause of action for failure to state a cause of action, unanimously affirmed, with costs.

In his complaint, as it now stands, plaintiff, an insurance broker, alleges that defendant, an attorney, tortiously interfered with his prospective contractual relations by, among other things, advising one Tyler, for whom plaintiff had in the past, procured insurance, that plaintiff was no longer interested in writing policies for Tyler.

Defendant argues that the complaint must be dismissed as it is not alleged that "but for" defendant's interference, plaintiff would have continued to have business relations with Tyler (Union Car Adv. Co. v Collier, 263 NY 386, 400-401). However, the affidavit submitted by plaintiff in opposition to the motion represented that plaintiff had been acting as Tyler's insurance agent since the late 1970's; that he set up a health and pension plan for Tyler Graphics in 1979; that he placed two insurances policies for Tyler, each in the amount of $100,000, in 1980; that he placed another policy for Tyler, in the amount of $150,000, in 1985; that he placed a group insurance plan for Tyler Graphics; that Tyler had used attorneys recommended to him by plaintiff other than defendant; that as part of an "ongoing business relationship" since 1979, he has performed financial, consulting, tax planning and trust and estates services for Tyler and Tyler Graphics; and that since the commencement of his relationship with Tyler, up until the time that Tyler was introduced to defendant by plaintiff, Tyler never used another insurance agent or financial consultant. Plaintiff's affidavit in opposition to the motion contained sufficient detail to cure whatever pleading deficiency there was in the complaint in this regard.

Defendant argues that the conduct alleged cannot be considered wrongful, since his obligation as an attorney was to represent Tyler and Tyler Graphics with undivided loyalty, without regard to the interest of the plaintiff. It suffices to

note that plaintiff does not seek to hold defendant liable for simply persuading Tyler not to use plaintiff but, rather, for his use of deliberate falsehoods in the diversion of his business. Further, even assuming that defendant was not licensed to sell insurance, the conduct alleged would remain actionable. Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.